## NORTH RIVER INS. CO. v. JOINES.

### No. 2914.

Court of Civil Appeals of Texas. Beaumont.

May 15, 1936.

Rehearing Denied May 20, 1936.

Bryan & Bryan, of Houston, for plaintiff in error.

Sam Schwartz, of Houston, for defendant in error.

COMBS, Justice.

The defendant in error heretofore filed a motion to dismiss the appeal and, subject thereto, a motion to strike plaintiff in error's brief, both of which motions were taken with the case. We have carefully considered both motions and have concluded that both are without merit. The motion to dismiss and the motion to strike the brief are overruled.

The defendant in error was plaintiff and plaintiff in error was defendant in the court

below, and we will designate the parties as in the trial court. On February 25, 1932, the plaintiff contracted with one J. W. Manus, the owner of a truck, to transport a truck load of household goods and furniture from Wharton, Tex., to Lane City, Tex. The truck caught fire and the furniture and household goods, which were of the alleged value of $1,600, were destroyed. At the time of the loss the truck owner, Manus, was insured under a policy of insurance originally issued by the Transportation Insurance Company to George P. Reid and which policy, by proper indorsement, had been transferred to Manus. It is shown that the North River Insurance Company, designated as the consolidated company, had taken over the business and policy obligations of the Transportation Insurance Company, which had been dissolved. On conclusion of the evidence defendant moved for an instructed verdict, which was overruled. The only issue submitted to the jury was the value of the goods destroyed, and they were found to be of a value in excess of $800, the maximum coverage specified in the policy. The trial court entered judgment in favor of the plaintiff and against the defendant for $800, and this appeal is from that judgment.

The only material issue involved on this appeal is whether the policy sued upon covered the loss in question. It is appellant's contention that the policy, by its terms, insured only the goods of Manus, the truck owner, and that it did not insure goods being transported by him as a carrier. The insuring clause and classification of property insured, as set forth in the policy, are as follows:

"In consideration of the stipulations herein named, and of twenty-four and 00/100 ————dollars, premium does insure George P. Reid or for the account of others to whom the assured may be legally liable, or for account of shippers who may have given instructions to insure; providing such instructions are given prior to time of shipment, and prior to any known loss or damage. Address of assured, Wharton, Texas, by this policy, the term of which begins on the 27th day of August, 1931, and ends at noon on the 27th day of August, 1932, Standard Time, unless sooner terminated, as hereinafter provided.

"On all kinds of lawful goods and/or merchandise, the property of the assured or for which they may be legally liable as carrier, consisting principally of cotton and own merchandise. * * *"

We think the contention that the policy did not cover goods being transported by Manus as a carrier must be sustained. The original policy is attached to the statement of facts as an exhibit. The printed portion of the policy had stricken out of it the words "or for which they (the assured) may be legally liable as carrier," as indicated above. This left the printed clause describing the goods insured to read "on all kinds of lawful goods and/or merchandise the property of the assured * * * consisting principally of," to which was added in typewriting the words: "Cotton and own merchandise." We think the policy is not subject to any other reasonable construction than that the intent of the contract was to insure only goods belonging to the assured. To hold, as contended by the appellee, that the contract insured goods being transported by Manus as a carrier would be to ignore the words inserted by the parties describing the goods covered as "cotton and own merchandise" and to read into it a provision which was specifically stricken out of it.

While the provisions of the policy are so plain that we do not deem it material, we will add that it was shown upon the trial that Manus had no permit to use the highways as a carrier, and that he represented to the agent of the insurance company, at the time the policy was transferred from Reid to him, that he intended to transport only his own goods.

It follows that the trial court erred in giving judgment in favor of the plaintiff and against the defendant on the policy in question. The judgment of the trial court is reversed and judgment here rendered for the appellant.